No. 22-2027

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 1, 2023
DEBORAH S. HUNT, Clerk

SCOTT ANDREW WITZKE,                                      )
                                                         )
    Petitioner-Appellant,                                )
                                                         )
v.                                                       )          O R D E R
                                                         )
MICHAEL J. MURPHY, Livingston County, MI                 )
Sheriff's Department,                                    )
                                                         )
    Respondent-Appellee.                                 )

Before:  KETHLEDGE, Circuit Judge.

Scott Andrew Witzke, a pro se Michigan petitioner, appeals the district court's judgment dismissing his 28 U.S.C. § 2254 habeas corpus petition without prejudice for failure to exhaust state remedies.  The court construes Witzke's notice of appeal as an application for a certificate of appealability (COA).  *See* Fed. R. App. P. 22(b)(2).  For the reasons that follow, the court denies Witzke's COA application.

In January 2022, Witzke pleaded guilty to second-degree retail fraud.  Witzke was in detention at the Livingston County Jail during his March 7, 2022, sentencing hearing and appeared via teleconference.  During the hearing, Witzke stated that he was unable to see the trial judge on his monitor and that he could not hear the prosecutor's argument in support of a 365-day sentence. In any event, Witzke blamed his criminal behavior on his methamphetamine addiction and asked the court to sentence him to time served.  The court, however, sentenced Witzke to 270 days in the Livingston County Jail, with credit for the 54 days he had already served.

On March 14, 2022, Witzke completed and submitted to the trial court a standard form requesting the appointment of counsel to represent him on appeal.  The trial court received Witzke's application on March 23, 2022.  On March 29, 2022, the trial court returned Witzke's

application to him, along with an unsigned note that stated, "Returned—An appeal has not been filed yet.  Please consult with an attorney on how to file this with the appeal at the 44th Circuit Court."

Less than a week later, Witzke filed this § 2254 petition in the district court, claiming that the state court violated his right as an indigent prisoner to equal protection and due process by denying him counsel to perfect a first-tier appeal.  *See Halbert v. Michigan*, 545 U.S. 605, 609-10 (2005).  In a footnote, Witzke explained that he wanted to appeal his inability to see the judge and to hear the prosecutor during his sentencing hearing.  Witzke claimed, however, that he could no longer raise this issue on appeal because the time limit for filing an appeal had expired.  Further, Witzke argued that he had exhausted his state remedies by giving the state appellate court an opportunity to address his claim, or, alternatively, that exhaustion was not required because the available state corrective process was ineffective to protect his rights.  The respondent answered and asserted that Witzke had not exhausted his claim in state court.

In view of Witzke's admissions in his petition, the district court concluded that he had not exhausted his claim in state court.  Although the state court had allegedly denied Witzke counsel to perfect a direct appeal, the district court concluded that he could still protect his rights through the state corrective process.  In that regard, the court observed that Witzke admitted that he had at least one state remedy still available, Michigan Court Rule 7.105(G), which authorizes a late appeal for up to six months after the judgment being appealed if the applicant provides "a statement of facts explaining the delay."  Additionally, the court noted that Witzke had filed only one application for appointment of counsel in state court, and he had filed his habeas petition in federal court less than a month later.  The court found that Witzke's lone attempt to secure counsel and his immediate resort to federal court for relief were insufficient to demonstrate that the state corrective process was ineffective to protect his rights.  The court decided therefore that excusing the exhaustion requirement would not be appropriate.

The district court then considered whether it should dismiss Witzke's petition without prejudice or stay the proceedings while he returned to state court to exhaust his claim.  The court

observed that Witzke filed his petition before his conviction became final under 28 U.S.C. § 2244(d)(1)(A), and therefore the one-year statute of limitations for filing a habeas petition had yet to commence. Consequently, the court concluded that dismissal would not prejudice Witzke. The court therefore dismissed Witzke's petition without prejudice. The court declined to grant Witzke a COA and denied his Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as in this case, a district court dismisses a habeas petition on procedural grounds, a COA may issue only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court dismissed Witzke's petition for failure to exhaust state remedies. Before filing a federal habeas petition, a state prisoner must exhaust his claims by presenting them to the courts at each level of the state judicial system. *See* 28 U.S.C. § 2254(b)(1)(A); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). A federal court cannot grant habeas relief if the petitioner still has state remedies available. *See* 28 U.S.C. § 2254(b)(1)(B); *Wagner*, 581 F.3d at 415. "This requirement refers only to remedies still available at the time of the federal petition." *Kelly v. Lazaroff*, 846 F.3d 819, 827 (6th Cir. 2017) (quoting *Gray v. Netherland*, 518 U.S. 152, 161 (1996)) (cleaned up). Exhaustion may be excused, however, if the State fails to provide an adequate and effective remedy to the petitioner, such as when it inordinately delays resolving his claims. *Johnson v. Bauman*, 27 F.4th 384, 394-95 (6th Cir. 2022). Moreover, excusing the exhaustion requirement is inappropriate, despite the delay, if the petitioner is not "without recourse in state court." *Id.* at 397 (quoting *Turner v. Bagley*, 401 F.3d 718, 726 (6th Cir. 2005)).

Witzke did not present his denial-of-counsel claim to the Michigan state courts. Reasonable jurists thus could not debate the district court's conclusion that Witzke did not exhaust his claim. Reasonable jurists also would not debate the district court's decision not to excuse the exhaustion requirement. At the time he filed his §2254 petition, Witzke was not without recourse in state court because he could have raised his claim in a late appeal. *See* Mich. Ct. R. 7.105(G).

No. 22-2027
- 4 -

And because Witzke did not present his claim to the state courts in the first place, there was no inordinate delay in resolving the claim.

The district court also concluded that dismissing Witzke's petition rather than staying the proceedings while he exhausted his claim in state court was the appropriate course of action.  A district court has discretion to dismiss a petition containing unexhausted claims if dismissal would not "unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  Here, as the district court found, Witzke's conviction was not "final" under § 2244(d)(1)(A) and therefore the one-year statute of limitations had not commenced.  *See Payton v. Brigano*, 256 F.3d 405, 409 n.3 (6th Cir. 2001).  Witzke therefore has the full limitations period available to refile his petition.  Consequently, reasonable jurists would not debate the district court's conclusion that dismissing the petition without prejudice would not impair Witzke's ability to obtain federal habeas relief.  *Cf. Jones v. Taskila*, No. 21-2944, 2022 WL 4293082, at *2 (6th Cir. Apr. 26, 2022).

For these reasons, the court **DENIES** Witzke's COA application.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk